UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

DOMINICK BOLDEN,

                Petitioner,              Case No. 1:10-cv-1106

v.                                                    Honorable Robert J. Jonker

MARY BERGHUIS,

                Respondent.

_____/

## **REPORT AND RECOMMENDATION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner is incarcerated in the E.C. Brooks Correctional Facility. He pleaded guilty in the Ingham County Circuit Court to armed robbery and carrying a concealed weapon. On December 21, 1994, he was sentenced to prison terms of three to twenty years for the robbery conviction and one to five years for the CCW conviction. Petitioner did not pursue a direct appeal.

Petitioner claims that on December 8, 2005, he filed a motion for relief from judgment in the Ingham County Circuit Court under M.C.R. 6.500 *et seq.* He does not indicate the disposition of that motion or whether he appealed to the state appellate courts. On April 20, 2009, Petitioner filed a motion in the Ingham County Circuit Court to correct an invalid sentence. The circuit court denied his motion on May 18, 2009. The Michigan Court of Appeals dismissed Petitioner's delayed application for leave to leave to appeal on October 30, 2009, on the ground that it was an appeal from an order denying a successive motion for relief from judgment prohibited by M.C.R. 6.502(G). The court of appeals denied Petitioner's motion for reconsideration on December 28, 2009. The Michigan Supreme Court similarly rejected Petitioner's application for leave to appeal on April 27, 2010, because it was prohibited by M.C.R. 6.502(G). The supreme court subsequently denied Petitioner's motion for reconsideration on June 28, 2010.

In his application for habeas corpus relief, Petitioner raises the same claim presented in his 2009 motion to correct an invalid sentence:

> PETITIONER WAS CONVICTED OF ARMED ROBBERY UNDER MCL 750.529 AND WAS DENIED HIS RIGHT TO DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHERE THE SENTENCING COURT OPERATED UNDER A MISCONCEPTION OF LAW AND ADOPTED THE RECOMMENDATION CONTAINED WITHIN THE PRESENTENCE INVESTIGATION REPORT AND SENTENCED HIM TO NON-EXECUTABLE TERMS THAT WAS [SIC]

STATUTORILY PROHIBITED BY LAW AGAINST OFFENSE WHICH DEFENDANT WAS CONVICTED.

(Pet., Page ID #21.)

## II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. *See Dodd v. United States*, 545 U.S. 353, 357 (2005). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on December 21, 1994. He did not file a direct appeal of his conviction to either the Michigan Court of Appeals or the Michigan Supreme Court. Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A). *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*.") (emphasis added). Petitioner had one year, until December 21, 1995, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* MICH. CT. R. 7.205(F)(3). Because Petitioner failed to file a timely appeal to the Michigan Court of Appeals, no judgment on the merits of Petitioner's claims existed from which he could seek further review in the Michigan Supreme Court. Thus, Petitioner may not count the 56-day period for seeking leave to appeal to the Michigan Supreme Court. *See* MICH. CT. R. 7.302(C)(2). Nor may he count the 90-day period for filing a petition for a writ of certiorari. *See United States v. Cottage* 307 F.3d 494, 499 (6th Cir. 2002) (holding that, in the context of a motion under 28 U.S.C. § 2255, where a petitioner has failed to file a direct appeal to the court of appeals, the time for filing a petition does not include the 90-day period for seeking certiorari in the United States Supreme Court because no judgment exists from

which he could seek further review in the United States Supreme Court); *United States v. Clay*, 537 U.S. 522, 530-31 (2003) (holding that finality is analyzed the same under §§ 2244(d)(1)(A) and 2255). Consequently, Petitioner's conviction became final on December 21, 1995.

A petitioner whose conviction became final prior to the effective date of the AEDPA on April 24, 1996, has one year from the effective date in which to file his petition. *Payton v. Brigano*, 256 F.3d 405, 407 (6th Cir. 2001); *Searcy v. Carter*, 246 F.3d 515, 517 (6th Cir. 2001). Accordingly, the statute of limitations expired on April 24, 1997. Petitioner filed the instant petition or about October 31, 2010[2], more than thirteen years after the statute of limitations expired. Thus, the petition is time-barred.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Because Petitioner's one-year period expired in 1997, his collateral motions filed in 2005 and 2009 cannot serve to revive the limitations period.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner

---

[2] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on October 31, 2010, and it was received by the Court on November 10, 2010. Thus, it must have been handed to prison officials for mailing at some time between October 31 and November 10. For purposes of this report and recommendation, the Court has given Petitioner the benefit of the earliest possible filing date.

bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009); *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity

to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### **Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. See *Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated: November 29, 2010 /s/ Hugh W. Brenneman, Jr.
HUGH W. BRENNEMAN, JR.
United States Magistrate Judge


### **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).